IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK N.                                  *
                                         *
         v.                              *         Civil Case No. CCB-18-936
                                         *
COMMISSIONER, SOCIAL SECURITY            *
                                         *
************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). ECF 2. I have considered the parties' cross-motions for summary judgment. ECF 18, 23. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the SSA employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's decision pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff applied for Disability Insurance Benefits on May 22, 2014, alleging a disability onset date of July 5, 2013. Tr. 253-59. His application was denied initially and on reconsideration. Tr. 133-36, 139-40. An Administrative Law Judge ("ALJ") held a hearing on May 10, 2017. Tr. 40-87. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 10-28. The Appeals Council denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Plaintiff suffered from the severe impairments of "reconstructive

surgery of a weight bearing joint; osteoarthritis; degenerative disc disease of the lumbar and cervical spine; calcaneal spur; and plantar fasciitis." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> lift, carry, push, and pull 10 pounds occasionally and less than 10 pounds frequently, sit for six hours in an eight-hour workday, stand or walk for two hours in an eight-hour workday, and must have an option to sit and stand at will. He can also occasionally climb ramps and stairs, balance, and stoop, but never climb ladders or scaffolds, kneel, crouch, or crawl. He can never be exposed to unprotected heights or moving mechanical parts. He must avoid concentrated exposure to: humidity and wetness, extreme cold and heat, vibration, and odors, fumes, gases, and poor ventilation. He also must work in a moderately loud environment or quieter.

Tr. 16. After considering the testimony of a vocational expert, the ALJ found that Plaintiff was capable of jobs that exist in significant number in the national economy. Tr. 27-28. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 28.

On appeal, Plaintiff raises two arguments: (1) the ALJ erred in assessing Plaintiff's subjective allegations of disabling symptoms; and (2) the ALJ failed to discuss Plaintiff's obesity and consider how his obesity would impact the limiting effects of his other impairments. ECF 18-1 at 7-8. Both arguments lack merit for the reasons set forth below.

First, Plaintiff contends that the ALJ erred in assessing Plaintiff's subjective complaints, because the ALJ mainly based his analysis on medical opinions from 2014 and failed to account for the worsening nature of Plaintiff's impairments. ECF 18-1 at 7. In contrast, the ALJ provided a thorough explanation in his RFC analysis which included discussion of various interventions that helped Plaintiff's pain, such as shoe inserts and a night splint for his plantar fasciitis, Tr. 18-19, pain medications and use of a TENS machine, Tr. 17, 19, Plaintiff's report that he was doing well with only "minor aches and pain and some clicking while walking," Tr. 19, his ability to ambulate effectively without an assistive device, Tr. 16, 23, 24, improvement in Plaintiff's symptoms when he exercised and did physical therapy, Tr. 18, 20-21, 22, and

2

Plaintiff's daily activities which included cutting his grass on a riding mower, driving, and exercising at a gym, Tr. 23, 25.

With regards to the opinion evidence, the ALJ provided an extensive analysis of the medical opinion evidence. Tr. 22-26. He assigned most of the opinions "partial weight," *id.*, and assigned the opinion of the State agency medical consultant, Dr. Dilip Kar "great weight," Tr. 24. An ALJ must base the RFC analysis "on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), and must assign weight to any relevant medical opinions, 20 C.F.R. § 404.1527(c). However, the ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec.*, Civil Case No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014). Even if there is other evidence that may support Plaintiff's position, this Court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Accordingly, I find the ALJ's evaluation of Plaintiff's subjective complaints and the opinion evidence was supported by substantial evidence.

Second, Plaintiff argues that the ALJ failed to discuss Plaintiff's obesity. ECF 18-1 at 7-8. Plaintiff argues that Plaintiff's "BMI of 38-42 . . . is approaching extreme to extreme [sic] obesity and would necessarily complicate standing and walking," and that the ALJ should have considered "how other severe impairments could be worsened as a result." *Id.* The only medical records Plaintiff cites to support his argument are two notations in his records of his BMI. *Id.* Pursuant to Social Security Ruling 02-1p, 2002 WL 34686281, at *4 (S.S.A. Sept. 12, 2002), obesity is a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic work activities." While Plaintiff correctly notes that his BMIs of 38

3

and 42 placed him within the highest levels of obesity according to the Clinical Guidelines, "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment," *id.* Rather, the impact of obesity on an individual's functioning is assessed on a case-by-case basis. *Id.* Plaintiff has not directed this Court to, nor does this Court find, any indication that his obesity severely impacted his functioning. As a result, the ALJ did not err by not including Plaintiff's obesity as a severe impairment. Furthermore, even if it was error for the ALJ to not discuss Plaintiff's obesity in the RFC assessment, such an error would be harmless, because the Plaintiff has not suggested his obesity would limit his standing or walking to a degree greater than the ALJ already limited Plaintiff in the RFC. *See Brown v. Astrue*, Civil No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) (denying remand where claimant failed to identify evidence suggesting that his obesity caused greater limitations than the ALJ assigned).

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 18;

2. the Court GRANT Defendant's Motion for Summary Judgment, ECF 23;

3. the Court AFFIRM the SSA's decision under sentence four of 42 U.S.C. § 405(g); and

4. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14)

days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: March 15, 2019                              /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge